FILED IN OPEN COURT
U.S.D.C. Atlanta

JUN 17 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA        :
         v.                     :     CRIMINAL ACTION
                                :     NO. 4:08-MJ-21
JAMES BARTHOLOMEW HUSKEY        :

GOVERNMENT'S MOTION FOR DETENTION

Comes now the United States of America, by and through its counsel, David E. Nahmias, United States Attorney, and Francey Hakes, Assistant United States Attorney for the Northern District of Georgia, and pursuant to 18 U.S.C. §§ 3142(e) and (f) moves for detention for the above-captioned defendant.

1. <u>Eligibility of Case.</u>

This case is eligible for a detention order because this case involves (check all that apply):

__x__      Crime of violence (18 U.S.C. § 3156)

_____      Maximum sentence of life imprisonment or death

_____      10 + year drug offense

_____      Felony, with two prior convictions in the above categories

__x__      Serious risk the defendant will flee

__x__      Serious risk of obstruction of justice

2.  <u>Reason for Detention.</u>

The Court should detain defendant because there are no conditions of release that will reasonably assure (check one or both):

__x__   Defendant's appearance as required

__x__   Safety of any other person and the community

3.  <u>Rebuttable Presumption.</u>

The United States will invoke the rebuttable presumption against defendant under § 3142(e).  (If yes)  The presumption applies because (check one or more):

_____   There is probable cause to believe defendant committed 10 + year drug offense.

_____   There is probable cause to believe defendant committed an offense in which a firearm was used, carried, or possessed under § 924(c).

_____   Defendant has been charged with a federal offense that is described in § 3142(f)(1), and

(1) defendant has been convicted of a Federal offense that is described in § (f)(1) of this section, or of a State or Local offense that would been an offense described in § (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;

2

    (2) the offense described in paragraph (1) was committed while defendant was on release pending trial for a Federal, State or local offense; and

    (3) A period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1), whichever is later.

__X__    [Circle one] This is an offense involving a minor under 18 U.S.C. § 1201, or an offense under 18 U.S.C. § 1591, 2241, 2242, 2244(a)(1), 2245, **2251**, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425.

4.   <u>Time for Detention Hearing.</u>

    The United States requests the Court conduct the detention hearing:

_____    At the initial appearance.

__X__    After continuance of __3__ days (not more than 3).

3

The Government requests leave of Court to file a supplemental motion with additional grounds or presumption for detention should this be necessary.

Dated: this 17th day of June, 2008.

Respectfully submitted,

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

*Francey Hakes*

FRANCEY HAKES
ASSISTANT U.S. ATTORNEY
600 U.S. Courthouse
75 Spring Street, SW
Atlanta, Georgia 30303
(404)581-6185
Ga. Bar No.317420

4

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by hand delivery:

>Matt Dodge
>Federal Defender Program

This 17th day of June, 2008.

*Francey Hakes*
FRANCEY HAKES
ASSISTANT UNITED STATES ATTORNEY