IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION NO. |
| v.  ) | |
| ) | 4:08-CR-33-RLV-WEJ |
| JAMES BARTHOLOMEW HUSKEY ) | |

PRELIMINARY MOTION TO DISMISS

The Defendant, JAMES BARTHOLOMEW HUSKEY, by and through his undersigned counsel, hereby moves this Court to dismiss Count 1 of the indictment. In support of this motion, Mr. Huskey offers the following:

1.

In the indictment, Mr. Huskey is charged with producing child pornography in violation of 18 U.S.C. § 2251(a); distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A); and receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A).

2.

18 U.S.C. § 2251(a) requires proof that a defendant (1) employed, used, persuaded, induced, enticed, or coerced any minor to engage in (or transported a minor in interstate or foreign commerce with the intent that the minor engage in), (2) any sexually explicit conduct, (3) for the purpose of producing any visual depiction of such conduct if (4) one of the following is proved: (A) the defendant knows or has

reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, or (B) the depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or (C) if such visual depiction has actually been transported in interstate or foreign commerce or mailed.[1]

3.

This statute is unconstitutional on its face because it exceeds Congress' authority under the Commerce Clause. *See* U.S. CONST. Art. I, § 8, cl. 3. This is so for two reasons. First, the statute criminalizes the mere intrastate production of child pornography simply by the use of materials that have been previously mailed, shipped, or transported in interstate or foreign commerce. *But see United States v. Smith,* 459 F.3d 1276, 1285 (11th Cir. 2006); *United States v. Grimmett*, 439 F.3d 1263 (10th Cir. 2006). Second, the statute criminalizes the production of child pornography absent the use of materials that have been mailed, shipped, or transported in commerce and absent any actual transportation of the depiction. All that is required under the alternative set forth above as element 4(A), is that the defendant know or have reason to know the depictions will be transported *in the future*, although that transportation may never occur.

---

[1]The indictment here only alleges the variation set forth in 4(A).

Conclusion

For these reasons, Mr. Huskey asks this Court to grant this motion to dismiss Count 1 and, in the alternative, to allow him to perfect this motion at a later date.

Dated:  This the 8th day of August, 2008.

Respectfully submitted,

s/ *W. Matthew Dodge*
W. MATTHEW DODGE
GEORGIA STATE BAR NO. 224371
ATTORNEY FOR MR. HUSKEY

Federal Defender Program, Inc.
Suite 1700, The Equitable Building
100 Peachtree Street, N.W.
Atlanta, Georgia 30303
404-688-7530; Fax 404-688-0768
matthew_dodge@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion was formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1C, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following Assistant United States Attorney of record:

>Francey Hakes
>Corey Steinberg
>Assistant United States Attorneys
>600 Richard B. Russell Building
>75 Spring Street, S. W.
>Atlanta, Georgia  30303

Dated:  This the 8th day of August, 2008.

>s/ *W. Matthew Dodge*
>W. MATTHEW DODGE