IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION NO. |
| v. ) | |
| ) | 4:08-CR-33-RLV |
| JAMES BARTHOLOMEW HUSKEY ) | |

DEFENDANT'S SENTENCING MEMORANDUM

The Defendant, JAMES BARTHOLOMEW HUSKEY, by and through undersigned counsel, submits this sentencing memorandum in support of a reasonable sentence that is sufficient, but not greater than necessary, to comply with the directives of 18 U.S.C. § 3553(a). Mr. Huskey asks that this Court impose a reasonable prison sentence on each of the three counts to which he pled guilty and that the Court run the three sentences *concurrent* with each other. If the Court chooses this route, the permissible statutory range will be a maximum of 30 years imprisonment. The court has the discretion, of course, to impose *consecutive* sentences on the three counts, which would result in maximum sentence of 70 years imprisonment. *See Presentence Report* ("PSR") at 24. However, such a sentence would be unreasonable for the reasons counsel describes below.

   I.   THE NATURE AND CIRCUMSTANCES OF THESE PORNOGRAPHY CRIMES WARRANT NO MORE THAN 30 YEARS IMPRISONMENT

The Court must consider the nature and circumstances of these distinctly *federal* offenses.  See 18 U.S.C. § 3553(a)(1).

> A.  Congress's Statutory Framework Demonstrates That The Reasonable Sentence Is A Maximum of 30 Years

The evidence in the case is shocking.  At the sentencing hearing, the government will likely spend the bulk of its time loudly proclaiming its outrage.  It will have good reason to do so.  Mr. Huskey's crimes are inexcusable.  He has caused unknowable harm to his daughter and family.  He has fed the unending appetite of the child pornography marketplace by sending theses images out into the world.  We do not quibble with the government about the details of the crime or the stunning nature of the facts of the case.[1]  Mr. Huskey must be punished with a steep prison sentence. The statutes and the sentencing guidelines provide for long prison terms.  Mr. Huskey knew that when he opted to plead guilty and publicly admit his conduct.

---

[1] There are two rays of light in the dark facts of the case. First, Mr. Huskey last uploaded his homemade child pornography to the Internet in November 2007, approximately seven months prior to his arrest in June 2008.  This suggests that he was attempting to end that aspect of his sins. Second, this crime was one of opportunity that will not be easily replicated in the future.  It is extremely unlikely that Mr. Huskey would be in a position to commit similar crimes in the future, especially following a 30-year prison sentence.  He would be in his late 60's and would be far removed from a life in a home occupied by children.

Yet Congress' opinion deserves weight and its laws suggest that Congress intends a sentence of no more than 30 years imprisonment, the maximum for the crime of manufacturing child pornography (Count 1). *See* U.S.C. § 2251(a). The offense of manufacturing child pornography necessarily presumes the eventual distribution of that pornography in commerce, which is the basis of Count 2 in this indictment. *See* U.S.C. § 2252A(a)(2)(A). That is a harm Congress was presumably worried about when it chose a 30-year maximum. If Congress wanted a defendant in this position to receive a life sentence, it would have said so. In this way, the punishment for distribution and receipt should be subsumed within the punishment for manufacturing. It is not legally required that the sentences merge, of course, but it is a common-sense reading of the statutory scheme in this case.

      B.    The Sentence Must Address the Federal, Rather Than Local, Interests in Punishing These Crimes

The sentence should also reflect the fact that Mr. Huskey may face prosecution in state court following the conclusion of this federal case. The federal court has jurisdiction only over Mr. Huskey's crimes involving pornography and the Internet. The State of Georgia has jurisdiction for the sexual crimes Mr. Huskey committed against his daughter. The state authorities are well-equipped to handle these traditional state crimes. These crimes may include rape, aggravated child

molestation, and aggravated sodomy. These crimes carry substantial prison terms: each carries a mandatory minimum sentence of 25 years in prison and a maximum of life in prison. O.C.G.A. §§ 16-6-1(b), 16-6-2(b)(2), 16-6-4(d)(1). The state prosecution in Walker County is apparently on hold pending the conclusion of this federal case. Of course, this Court will address the federal interests of this case, including the filming and uploading of child pornography. That is serious business, but the sexual crimes are a state matter and will likely be dealt with harshly there.[2] In the end, this Court is not asked to sentence Mr. Huskey for abusing his daughter, but only for turning on the camera before he did so.

## II. THE SENTENCE MUST REWARD MR. HUSKEY'S REMARKABLE ACCEPTANCE OF RESPONSIBILITY

The Court's ultimate sentence must acknowledge the fact that Mr. Huskey chose to plead guilty and accept responsibility for these crimes. *See* 18 U.S.C. § 3553(a)(1). A sentence of 70 years imprisonment would ignore his overt demonstrations of repentance. If Mr. Huskey had litigated pretrial motions, elected a jury trial, required his daughter and family to endure a trial and the unwanted public attention, and then appealed the case, this Court could nonetheless impose no more

---

[2] A federal court has limited jurisdiction in a sexual abuse case and may only act where the crime occurs in "the special maritime and territorial jurisdiction of the United States or in a Federal prison." *See* 18 U.S.C. § 2241(a).

than the 70 years. Yet to impose just such a sentence here would ignore Mr. Huskey's substantial efforts at conciliation.

From the moment agents knocked on the door of Mr. Huskey's home to arrest him, he agreed to be interrogated, he admitted his crimes promptly, he allowed the agents to search his home and computers, he directed the agents to a hidden folder within the computer's hard drive and provided the user name and password to allow the agents to access the pornography. Once the court case began, Mr. Huskey did all that he could to allow the family, the government, and the Court to avoid a jury trial. Although government was willing and able to try the case to a jury, it gained a tangible benefit by Mr. Huskey's decision to plead guilty. The victim in the case need not testify in court about her experiences and her mother and family need not endure the public display of a trial. When Mr. Huskey promptly elected to plead guilty, he stood before the court and publicly admitted the shameful crimes before his family and the media. This was no small feat.

This remarkable history of acceptance of responsibility warrants a reduction in whatever sentence the Court might have imposed after a jury trial. By way of analogy, this Court should look to the Eleventh Circuit's reasoning in *United States v. Rodriguez*. 64 F.3d 638 (11th Cir. 1995). In *Rodriguez*, the defendant's sentencing guideline range, even after a reduction for acceptance of responsibility, was

nonetheless above the statutory maximum. *Id.* at 640. The appellate court held that a district court may "reward" a defendant's acceptance of responsibility by departing downward from a statutory maximum where the reduction under Section 3E1.1 is "ineffectual in reducing the defendant's actual sentence." *Id.* at 643. The PSR in Mr. Huskey's case illustrates this very problem. The adjusted offense level here is Level 48. *See* PSR ¶ 40. Once the probation officer factored in acceptance of responsibility, the total offense level was a Level 45. *See* PSR ¶ 41. This reduction was meaningless because it resulted in an offense level above the maximum level on the guideline grid (Level 43). In this way, Mr. Huskey's total offense level is the same (life imprisonment) with or without his acceptance of responsibility. As *Rodriguez* counsels, this Court is free to reward that acceptance by departing downward from the sentence is might otherwise impose.

### III. THE SENTENCING GUIDELINES ARE NEITHER MANDATORY NOR PRESUMPTIVELY REASONABLE

The sentencing guidelines and its commentary are merely two of many factors this Court must consider. 18 U.S.C. 3553(a)(4), (5). In *United States v. Booker*, the Supreme Court held that the Sentencing Guidelines shall no longer be mandatory but instead shall be "advisory." 543 U.S. 220, 125 S. Ct. 738 (2005). While district courts must still consult the Guidelines, they must now "take account of the

Guidelines together with other sentencing goals." *Id.* at 261 (emphasis added).  As a result of the holding in *Booker*, the sentencing factors set forth in 18 U.S.C. § 3553(a) have been reinvigorated.  The primary directive of § 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2.

The Supreme Court later issued several opinions affirming the rights of district courts to conclude that a below-guidelines sentence is reasonable.  In *Gall v. United States*, the Court rejected an appellate rule that required "extraordinary" circumstances to justify a sentence outside the guidelines range.  — U.S. —, 128 S. Ct. 586 (2007).  In *Gall*, the district court sentenced a defendant whose guidelines range was 30-37 months imprisonment to a sentence of merely 36 months on probation, yet the circuit court vacated the sentence.  The Supreme Court reinstated the below-guidelines sentence and held that it was reasonable.  *Id.* at 602.  The Court rebuked the appellate courts which have adopted an "impermissible presumption of unreasonableness for sentences outside the Guidelines range." *Id.* at 595.  According to the Court, "the Guidelines should be the starting point and the initial benchmark.  The Guidelines are not the only consideration, however." *Id.* at 596.  Moreover, the district court "must make an individualized assessment based on the facts presented." *Id.*  In the end, "[i]t has been uniform and constant in the federal judicial tradition for

the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Id.* at 598.

In *Kimbrough v. United States*, the Supreme Court held that a district court may reasonably impose a below-guidelines sentence based on the notorious crack-powder cocaine disparity. — S. Ct. —, 128 S. Ct. 558, 575 (2007). In *Kimbrough*, the Court rejected the government's claim that such freedom would result in unwarranted sentence disparities, as described in 18 U.S.C. § 3553(a)(6). *Id.* at 574. The Court noted the following:

> We have accordingly recognized that, in the ordinary case, the Commission's recommendation of a sentencing range will "reflect a rough approximation of sentences that might achieve §3553(a)'s objectives." The sentencing judge, on the other hand, has "greater familiarity with … the individual case and the individual defendant before him than the Commission or the appeals court." He is therefore "in a superior position to find facts and judge their import under §3353(a)" in each particular case. In light of these discrete institutional strengths, a district court's decision to vary from the advisory Guidelines may attract greatest respect when the sentencing judge finds a particular case "outside the 'heartland' to which the Commission intends individual Guidelines to apply."

*Id.* at 574-75 (citations omitted). *See also Nelson v. United States*, — S. Ct. —, 2009 WL 160585 (Jan. 26, 2009) ("The Guidelines are not only *not mandatory* on

8

sentencing courts; they are also not to be *presumed* reasonable.") (emphasis in original).

Even in the Eleventh Circuit, "a sentence within the guidelines range is neither "per se*"* nor "presumptively" reasonable. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005); *United States v. Hunt*, 459 F.3d 1180, 1185 (11th Cir. 2006); *United States v. Wade*, 458 F.3d 1273, 1282 (11th Cir. 2006). In *Hunt*, the Court noted the following: "We do not believe it is appropriate to dictate a 'strength' of consideration applicable in every case. Nor do we find a presumption to be useful in this context. Presumptions are burden-shifting tools." 459 F.3d at 1185. Furthermore, the Eleventh Circuit itself has held that a below-guidelines sentence is reasonable in certain cases. *See, e.g., United States v. Williams*, 435 F.3d 1350, 1353, 1356 (11th Cir. 2006); *United States v. Gray*, 453 F.3d 1323, 1325 (11th Cir. 2006).

In the present case, the advisory guidelines range is life imprisonment. However, the directives of *Booker*, *Gall* and *Kimbrough* make clear that a district court may not apply the guidelines uncritically and habitually or else it risks committing error. Under the other factors listed in 18 U.S.C. § 3553(a), a sentence below the range is reasonable in this case.

IV.  MR. HUSKEY'S EFFORT TO GIVE SUBSTANTIAL ASSISTANCE TO THE GOVERNMENT IN ITS PURSUIT OF PORNOGRAPHY TRAFFICKERS WARRANTS A BELOW-GUIDELINE SENTENCE

In a lengthy debriefing, Mr. Huskey provided information to the government about the other persons to whom he sent the pornography. *See* PSR ¶ 26. The government, in its honorable and laudable effort to capture purveyors of pornography, benefits a great deal from the cooperation of men like Mr. Huskey. During his proffer session, Mr. Huskey tried to put the government on the path toward these men to the best of his ability. However, the actors in this industry are skilled at protecting their own identities — *see* PSR ¶¶ 9-12 — and Mr. Huskey did not know enough to help the government here.

Although his information did not rise to the level of "substantial assistance" or a motion for a downward departure under U.S.S.G. § 5K1.1, Mr. Huskey's assistance should nonetheless be considered by this Court in crafting a reasonable sentence under the reinvigorated factors set forth in 18 U.S.C. § 3553(a). *See United States v. Fernandez*, 443 F.3d 19, 33 (2d Cir. 2006) (a judge has "the power to reduce [a defendant's] sentence in light of 'non-5K cooperation' under 18 U.S.C. § 3553(a)); *United States v. Lazenby*, 439 F.3d 928, 933-34 (8th Cir. 2006) (post-*Booker*, the prosecutor's failure to file motion under § 5K1.1 no longer precludes a court's

consideration of cooperation); *United States v. Doe*, 398 F.3d 1254, 1261 (10th Cir. 2005) (vacating sentence because "a defendant's assistance should be fully considered by a district court at sentencing even if that assistance is not presented to the court in the form of a § 5K1.1 motion"). In *Fernandez*, the Second Circuit held the following:

> We agree that in formulating a reasonable sentence a sentencing judge must consider "the history and characteristics of the defendant" within the meaning of 18 U.S.C. § 3553(a)(1), as well as the other factors enumerated in § 3553(a), and should take under advisement any related arguments, including the contention that a defendant made efforts to cooperate, even if those efforts did not yield a Government motion for a downward departure pursuant to U.S.S.G. § 5K1.1 ("non-5K cooperation"). Section 3553(a)(1), in particular, is worded broadly, and it contains no express limitations as to what "history and characteristics of the defendant" are relevant. This sweeping provision presumably includes the history of a defendant's cooperation and characteristics evidenced by cooperation, such as remorse or rehabilitation.

443 F.3d at 33. In the instant case, Mr. Huskey's cooperation, even without a Section 5K1.1 motion, warrants a sentence below the guideline range.

   V.   MR. HUSKEY'S HONORABLE HISTORY AND CHARACTERISTICS DESERVE A BELOW-GUIDELINE SENTENCE

It is tempting in this case to read the facts of the crimes here and simply ignore all else. Yet the history and characteristics of Mr. Huskey — beyond his crimes —

must be included, by law, in the calculus of the reasonable sentence. 18 U.S.C. § 3553(a)(1). "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, — U.S. —, 128 S. Ct. 586, 598 (2007). Mr. Huskey has lived an honorable, lawful life in all respects outside of the crimes in this case. He has no prior criminal history whatsoever — no arrests, no misdemeanors, no felonies. He has not abused any children but for the victim in this case.[3] He is a religious man with a supportive network of family members and friends. (Counsel will provide several letters of support to the court under separate cover.) He worked and supported his family for many years. He was a well-respected member of his community for his entire adult life until now. Surely this must count for something.

## Conclusion

Mr. Huskey's crimes warrant a severe punishment, of course, but the goals of the Sentencing Reform Act will be met by *concurrent*, rather than consecutive,

---

[3] The government interviewed various children whom Mr. Huskey knew and found no evidence of abuse beyond the victim in this case.

sentences on the three counts.  This sentence — a 30-year maximum — is sufficient but not greater than necessary to answer the factors set forth in 18 U.S.C. § 3553(a).

    Dated:  This the 27th day of February, 2009.

                                                  Respectfully submitted,

                                                  s/ *W. Matthew Dodge*
                                                  W. MATTHEW DODGE
                                                  GEORGIA STATE BAR NO. 224371
                                                  ATTORNEY FOR MR. HUSKEY

Federal Defender Program, Inc.
Suite 1700, The Equitable Building
100 Peachtree Street, N.W.
Atlanta, Georgia 30303
404-688-7530; Fax 404-688-0768
Matthew_Dodge@fd.org

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1C, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of the filing to the following Assistant United States Attorneys:

>Francey Hakes
>Corey Steinberg
>Assistant United States Attorneys
>600 Richard B. Russell Building
>75 Spring Street, S. W.
>Atlanta, Georgia  30303

Dated:  This the 27th day of February, 2009.


>s/ *W. Matthew Dodge*
>W. MATTHEW DODGE