FILED IN CHAMBERS
U.S.D.C. Rome

MAR 05 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA

-vs-

JAMES BARTHOLOMEW HUSKEY

Case No. 4:08-CR-033-01-RLV

Defendant's Attorney:
MATTHEW DODGE

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant plead guilty to Count(s) ONE (1), TWO (2), and THREE (3) of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 U.S.C. §§22521(a) | Manufacturing Child Pornography | 1 |
| 18 U.S.C. §2252A(a)(2)(A) and 2256(8)(A) | Receipt and Distribution of Child Pornography | 2 |
| 18 U.S.C. §2252A(a)(2)(A) and 2256(8)(A) | Receipt and Distribution of Child Pornography | 3 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$300** which shall be due immediately.

The Court finds that the defendant does not have the ability to pay a fine, cost of incarceration, and cost of supervision. The Court will waive the fine, cost of incarceration, and cost of supervision in this case.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.    8836
Defendant's Date of Birth:    1969
Defendant's Mailing Address:
Trion, Georgia 30753

Date of Imposition of Sentence: March 5, 2009

Signed this the 5th day of March 2009.

ROBERT L. VINING, JR.
UNITED STATES DISTRICT JUDGE

4:08-CR-033-01-RLV : JAMES BARTHOLOMEW HUSKEY

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **360 Months on Count 1, 240 months on Count 2, to be served consecutively to Count 1, and 240 months on Count 3, to be served consecutively to Counts 1 and 2, to the extent necessary to impose a total sentence of 840 months.**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

4:08-CR-033-01-RLV : JAMES BARTHOLOMEW HUSKEY

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for the remainder of his natural life on each of Counts 1, 2, and 3.  Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state or local crime, shall comply with the standard conditions that have been adopted by this court, and shall comply with the following additional conditions:

1. The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

2. Pursuant to 18 U.S.C. §3583(d), the defendant shall submit his person, and any property, house, residence, vehicle, papers, computer other electronic communication or data storage devices or media, and effects, to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.  The defendant shall permit confiscation and/or disposal of any material considered contraband or any other item which may be deemed to have evidentiary value related to violations of supervision.

3. Pursuant to 42 U.S.C. §14135a(d)(1) and 10 U.S.C. §1565(d), which requires mandatory DNA testing for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection of DNA as directed by the probation officer.

4. The defendant shall make regular monthly payments toward any outstanding restitution at a rate to be set in accordance with the Court-approved payment schedule, but in no event less than $200 monthly.

5. The defendant shall make a full and complete disclosure of finances and submit to an audit of financial documents, at the request of the United States Probation Officer until the restitution is paid in full.

4:08-CR-033-01-RLV : JAMES BARTHOLOMEW HUSKEY

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

4:08-CR-33-1-RLV JAMES BARTHOLOMEW HUSKEY

# RESTITUTION

The defendant shall make restitution to the following person(s) in the following amounts:

| Name of Payee | Amount of Restitution |
|---|---|
| Sherri Jackson, on behalf of minor victim | $12,026.02 |

The restitution shall be paid in full immediately.