```
 1                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN  DISTRICT OF GEORGIA
 2                          ROME DIVISION

 3

 4   UNITED STATES OF AMERICA      )
                                   ) DOCKET NO. 4:08CR33
 5                  PLAINTIFF,     )
                                   )
 6            VS.                  ) ROME, GEORGIA
                                   )
 7   JAMES BARTHOLOMEW HUSKEY      ) MARCH 5, 2009
                                   )
 8                  DEFENDANT.     )
                                   )
 9   _____ )

10

11                  SENTENCING PROCEEDING

12       BEFORE THE HONORABLE ROBERT L. VINING, JR., SENIOR UNITED

13   STATES DISTRICT JUDGE.

14   APPEARANCES OF COUNSEL:

15

16       FOR THE GOVERNMENT:         FRANCEY HAKES

17
         FOR THE DEFENDANT:          MATTHEW DODGE
18

19

20

21                  KIMBERLY C. BRAMLETT
                       706/378-4071
22                  OFFICIAL COURT REPORTER
                 ROOM 345, 600 E. FIRST STREET
23                  ROME, GEORGIA  30161

24

25
```

```
 1              (ROME, FLOYD COUNTY, GEORGIA, MARCH 5, 2009, IN OPEN
 2         COURT.)
 3              THE COURT:  CRIMINAL ACTION 4:08CR33, UNITED STATES
 4    OF AMERICA VERSUS JAMES HUSKEY.  THE MATTER IS HERE FOR
 5    SENTENCING.
 6              I HAVE READ THE SENTENCING MEMORANDUM SUBMITTED BY
 7    THE GOVERNMENT AND DEFENDANT.  I HAVE READ LETTERS THAT HAVE
 8    BEEN SUBMITTED TO ME.  I HAVE READ MS. JACKSON'S REPORT ON
 9    RESTITUTION.  I HAVE LOOKED AT ONE OF THE DISK AND GONE THROUGH
10    THE PRESENTENCE THOROUGHLY.
11              I FIND A NUMBER OF ITEMS IN THE PRESENTENCE THAT I
12    TAKE MERELY, COUNSEL, JUST TO BE EXPLANATION OF SOMETHING THE
13    PROBATION OFFICER REPORTED.  I DON'T SEE IT AS REALLY AN
14    OBJECTION TO THE VARIOUS PARTS; AM I CORRECT?
15              MR. DODGE:  YES, YOU ARE RIGHT, JUDGE.
16              THE COURT:  AND I DON'T SEE ANY REAL OBJECTION TO THE
17    PRESENTENCE REPORT; AM I CORRECT?
18              MR. DODGE:  THAT IS CORRECT, JUDGE.  I HAD -- IN MY
19    OBJECTIONS QUIBBLED WITH THE PROBATION OFFICER'S DETERMINATION
20    OF THE 5G1.2 THAT A 70-YEAR SENTENCE IS NECESSARY TO MEET THE
21    GUIDELINE'S RECOMMENDATION OF LIFE.  THE NUMBER 70 IS
22    ARBITRARY.  MR. HUSKEY IS IN HIS LATE THIRTIES.  ANYTHING
23    APPROACHING 70 IS IN EFFECT A LIFE SENTENCE.  I DON'T CONSIDER
24    THAT TO BE A GUIDELINE OBJECTION.  IF THE COURT WOULD LIKE ME I
25    CAN GO AHEAD AND MAKE SURE THAT I CONCEDE THAT IS NOT AN
```

1  OBJECTION TO THE GUIDELINES.  I THINK MR. JEFFERS DID DO THAT

2  ACCURATELY, ALTHOUGH WE THINK THAT IS NOT A REASONABLE

3  SENTENCE, OF COURSE.

4          THE COURT:  ALL RIGHT.

5          DOES THE GOVERNMENT HAVE ANYTHING TO OFFER BEFORE I

6  SENTENCE MR. HUSKEY?

7          MS. HAKES:  YOUR HONOR, THIS IS MY FIRST SENTENCE IN

8  FRONT OF THIS COURT.  I DON'T KNOW WHEN THE COURT WOULD LIKE

9  THE GOVERNMENT'S ARGUMENT AS TO WHAT A REASONABLE SENTENCE IS.

10        THE COURT:  RIGHT NOW.

11        MS. HAKES:  WELL, I AM HAPPY TO GIVE IT TO YOU RIGHT

12  NOW, THEN.

13        FIRST, AS TO MR. DODGE'S COMMENTS AS TO THE

14  APPLICATION OF 5G1.2, I BELIEVE HE IS CONCEDING THAT

15  MR. JEFFERS CORRECTLY CALCULATED.  AND, OF COURSE, AS I CITED

16  IN MY SENTENCING MEMORANDUM, THE ELEVENTH CIRCUIT HAS HELD

17  5G1.2 IS CORRECTLY APPLIED IN A CASE LIKE THIS WHERE THE

18  GUIDELINES ARE LIFE, THEN THE STATUTORY MAXIMUM OF EACH

19  SENTENCE IMPOSED CONSECUTIVELY BECOMES THE GUIDELINE SENTENCE,

20  WHICH HERE IS 70 YEARS.

21        MR. DODGE IS ARGUING TO THE COURT IN HIS SENTENCING

22  MEMO AND I EXPECT HIM TO GET UP AND ARGUE TO YOU IN JUST A FEW

23  MINUTES THAT A MUCH LOWER SENTENCE THAN 70 YEARS IS A

24  REASONABLE SENTENCE IN THIS CASE.

25        YOUR HONOR, THE GOVERNMENT SUBMITS A 70-YEAR SENTENCE

1  IS REASONABLE IN THIS CASE FOR A VARIETY OF REASONS.  FIRST,

2  AND MOST IMPORTANTLY I WOULD NOTE TO THE COURT THAT WHILE

3  SENTENCING CERTAINLY IS ALWAYS AND APPROPRIATELY LARGELY ABOUT

4  THE DEFENDANT, BECAUSE IT IS THE DEFENDANT'S FUTURE THAT THE

5  COURT IS DETERMINING HERE TODAY, AND I AM SURE THE COURT WOULD

6  NEVER FORGET THERE IS A VICTIM.  I DO WORRY THE GOVERNMENT

7  SOMETIMES THINKS THAT SENTENCING COMPLETELY OVERLOOKS THE

8  VICTIMS IN THE CASE.  OBVIOUSLY THE CHILD IS NOT HERE IN COURT

9  TODAY AND THAT IS REALLY A GOOD THING.  SHE SHOULD NOT BE HERE

10  IN COURT TODAY.  BUT HER MOTHER HAS SUBMITTED A VICTIM IMPACT

11  STATEMENT WHICH I KNOW THE COURT SAID YOU HAD READ.

12          ADDITIONALLY, AND EQUALLY IMPORTANT TO THAT IMPACT

13  STATEMENT FROM THE CHILD'S MOTHER, YOUR HONOR, WAS THE LETTER

14  FROM THE CHILD'S TREATING THERAPIST WHO INDICATED ALL OF THE

15  DIFFERENT PROBLEMS THAT THE CHILD IS LIKELY TO EXPERIENCE IN

16  HER LIFE.  I JUST WOULD LIKE THE COURT TO FOCUS IN DETERMINING

17  WHETHER OR NOT SENTENCING AT 70 YEARS IS REASONABLE ON THE KIND

18  OF CONDUCT THAT BROUGHT US HERE.

19          SEVERAL THINGS STRUCK ME IN MR. DODGE'S SENTENCING

20  MEMORANDUM, ONE OF WHICH WAS WHERE MR. DODGE SAID THAT THE

21  COURT SHOULD NOT BE LOOKING AT THE SEXUAL ABUSE; THAT REALLY

22  THE FEDERAL JURISDICTION ONLY COMES INTO PLAY WHEN MR. HUSKEY

23  TURNED THE CAMERA ON.  WELL, OF COURSE THE STATUTE REQUIRED

24  THERE COULD BE SEXUAL ABUSE.  IT MERELY REQUIRES THAT SEXUAL

25  ABUSE TO HAVE BEEN TRANSMITTED IN INTERSTATE COMMERCE.  SO,

1   SEXUAL ABUSE IS MOST ASSUREDLY AT ISSUE HERE TODAY.

2        WE ARE HERE IN THIS COURTROOM BECAUSE OF WHAT

3   MR. HUSKEY DID.  MR. DODGE ALSO ARGUES THAT MR. HUSKEY MERITS A

4   LOWER SENTENCE THAN 70 YEARS BECAUSE OF WHAT HE CALLS HIS

5   REMARKABLE ACCEPTANCE OF RESPONSIBILITY AND BECAUSE OF HIS

6   ATTEMPT TO AID THE GOVERNMENT IN INVESTIGATING OTHER CHILD

7   PORNOGRAPHY TRAFFICKERS.  I WOULD LIKE TO HANDLE BOTH OF THOSE

8   IN TURN, IF I MAY, YOUR HONOR.

9        MR. DODGE SAYS THAT MR. HUSKEY'S ACCEPTANCE OF

10  RESPONSIBILITY WAS REMARKABLE IN THIS CASE.  AND I WOULD ARGUE

11  THE OPPOSITE IS TRUE.  WHAT CHOICE DID MR. HUSKEY HAVE WHEN

12  FACED WITH THE EVIDENCE OF HIMSELF ON VIDEO TAPES SEXUALLY

13  ASSAULTING HIS CHILD FOR YEARS.  HE HAD NO CHOICE.  THERE WERE

14  NO DEFENSES.  HE CERTAINLY COULDN'T THROW HIMSELF ON THE MERCY

15  OF A JURY.  THEY WOULD, I IMAGINE, HAVE NONE.  HE CERTAINLY

16  COULD NOT SAY IT WAS NOT HIM.  IT IS VERY CLEARLY MR. HUSKEY ON

17  THE VIDEOS AND YOU, YOUR HONOR, IN THE DISK THE GOVERNMENT

18  SUBMITTED THAT YOU'VE SEEN YOURSELF.  YOU HAVE SEEN THAT.  YOU

19  HAVE SEEN THE IMAGES OF MR. HUSKEY NUDE RAPING HIS CHILD WITH

20  HIS TENNIS SHOES ON.  THAT IS REALLY EMBLEMATIC OF WHAT HE DID

21  TO THIS CHILD OVER A PERIOD OF YEARS.  AND SOMEHOW IT STRUCK

22  THE GOVERNMENT, THAT ONE VIDEO, WHILE DEFENDANT SEXUALLY

23  ASSAULTS, ANALLY SODOMIZES HIS CHILD WHILE HE IS COMPLETELY

24  NUDE BUT STILL WEARING HIS TENNIS SHOES.

25        IT BOGGLES THE MIND THE WAY HE TREATED THE CHILD.  AS

1  YOU SAW ON THE VIDEOS, YOUR HONOR, THAT THE GOVERNMENT

2  SUBMITTED, HE TREATS HER BRUTALLY.  HE CALLS HER NAMES.  HE IS

3  ROUGH WITH HER.  HE PUTS A KNIFE TO HER THROAT AND TO HER

4  GENITALS.  HE PULLS HER HAIR AND THROUGH IT ALL WHEN YOU WATCH

5  THE VIDEOS, YOU CAN BE STRUCK BY WHAT IS APPARENTLY THE MOST

6  IMPORTANT THING TO HIM -- HOW MUCH SHE LOOKS TO BE SUFFERING

7  AND IS THE CAMERA ANGLE GOOD ENOUGH.

8          IN THESE VIDEOS YOU SEE REPEATEDLY MR. HUSKEY

9  CHANGING THE CAMERA ANGLES OVER AND OVER AGAIN TO MAKE SURE

10  THAT HE IS POINTING TO JUST THE RIGHT SPOT WHILE HE IS SEXUALLY

11  ASSAULTING THE CHILD.  AT THE END OF ONE PARTICULARLY BRUTAL

12  VIDEO WHERE HE TAKES A VARIETY OF LARGE OBJECTS AND PENETRATES

13  THE CHILD'S ANUS WITH THEM REPEATEDLY, HE FOCUSES THE CAMERA

14  DOWN ON THE CHILD'S ANUS, SPREADS THE CHILD'S RECTUM SO IT CAN

15  BE SEEN ON THE CAMERA, AND THEN MAKES WHAT I CAN ONLY DESCRIBE

16  AS COOING NOISES ABOUT HOW WONDERFUL IT LOOKS THAT THE CHILD IS

17  NOW RED, RAW AND MIGHT EVEN BE BLEEDING.  IT'S HARD TO TELL

18  FROM THE VIDEO.  THAT IS WHAT THE DEFENDANT RECEIVED ENJOYMENT

19  FROM DOING.  THAT IS HARDLY REMARKABLE GIVEN THOSE VIDEOS,

20  GIVEN THE NATURE OF THE VIDEOS THAT THE DEFENDANT HAS CHOSEN TO

21  PLEAD GUILTY IN THIS CASE.  IT IS NOT REMARKABLE THAT HE

22  CONFESSED TO HIS CRIME WHEN AGENT YODER KNOCKED ON HIS DOOR

23  LAST JUNE.  HE WAS ON VIDEO AND KNEW IT.

24          THE CHILD ADMITTED THE CRIMES THAT HAD BEEN COMMITTED

25  AGAINST HER.  AND REMARKABLE THINGS ABOUT THE CHILD IN THIS

1   CASE ARE THAT SHE IS GOING TO SUFFER THE REST OF HER LIFE.  YOU

2   HEARD SPECIFICALLY IN THE LETTER FROM HER THERAPIST THE ODDS

3   SHE FACES.  SHE FACES AN INCREASED RISK OF PROSECUTION;

4   DEPRESSION; SUICIDE.  SHE MAY VERY WELL BECOME VICTIMIZED AGAIN

5   IN HER LIFE OR BE EVEN WORSE CASE SCENARIO BECAUSE OF A VERY

6   EARLY START THAT THIS DEFENDANT CHOSE TO ENGAGE IN SEXUALLY

7   ASSAULTING HER, SHE MAY VERY WELL END UP BEING AT HIGHER RISK

8   TO BE AN OFFENDER HERSELF.

9           THE THERAPIST SAID SHE NOW ASSOCIATES SEXUAL ACTIVITY

10  WITH PAIN BECAUSE HER FATHER, HER FATHER TAUGHT HER THAT.  WHEN

11  MOST LITTLE GIRLS ARE LEARNING TO RIDE THEIR BIKE OR LEARN, AS

12  MR. HUSKEY TAUGHT OTHER CHILDREN TO SWING A TENNIS RACKET, THIS

13  CHILD WAS LEARNING HOW TO PLACE HER MOUTH ON HIS PENIS.  WHILE

14  OTHER CHILDREN ARE THINKING OF SCHOOL OR SUMMER CAMP, THIS

15  CHILD WAS WONDERING WHICH SEX OBJECT THE DEFENDANT WOULD USE IN

16  THE ANUS NEXT.

17          THESE ARE THINGS NO CHILD SHOULD EVER HAVE TO LEARN.

18  AND YET MR. HUSKEY CALLS HIS ACCEPTANCE OF RESPONSIBILITY

19  REMARKABLE.  AND SAYS REPEATEDLY IN HIS MEMO THAT HE IS A

20  PENITENT MAN; THAT HE HAS REPENTED OF HIS SINS.  WELL, THE

21  CHILD SPECIFICALLY SAID THAT THE DAY OF HIS ARREST WAS THE LAST

22  TIME HE SEXUALLY ASSAULTED HER.  THAT'S BECAUSE HE WAS THEN

23  UNDER ARREST AND HAS NEVER AGAIN HAD THE OPPORTUNITY TO

24  SEXUALLY ASSAULT HER.  IT IS NOT BECAUSE THE DEFENDANT HAS

25  SHOWN ANY REPENTANCE.  IT IS EASY TO SHOW REPENTANCE ONCE YOU

1    HAVE HANDCUFFS ON YOUR WRISTS AND YOU ARE LOCKED IN A CELL.

2            HIS RESPONSIBILITY IN THIS CASE, YOUR HONOR, HIS

3    ACCEPTANCE, IS MERELY PRO FORMA.  HE KNOWS THE ONLY WAY HE CAN

4    CONVINCE THE COURT TO GIVE HIM WHAT HE DEEMS A REASONABLE

5    SENTENCE IS TO CLAIM THAT HIS ACCEPTANCE OF RESPONSIBILITY IS

6    REMARKABLE.  IN FACT, IT IS NOT.  HE HAS SHOWN FOR YEARS HIS

7    ENJOYMENT OF THE ASSAULT OF THIS CHILD, AND THAT ENJOYMENT

8    COMES THROUGH VERY CLEARLY ON THE VIDEOS AND THE IMAGES.

9            THE DEFENDANT HAS DONE MORE THAN SIMPLY ASSAULT HIS

10   CHILD.  CLEARLY THE INTERNET IS THE MECHANISM THAT GIVES US

11   JURISDICTION IN THIS CASE.  THE DEFENDANT SENT THESE IMAGES OUT

12   OVER THE INTERNET.  I WILL SHOW THE COURT AGAIN -- I TENDERED

13   THIS AT THE PLEA HEARING, GOVERNMENT'S EXHIBIT NO. 1.  THIS IS

14   A GRAPHIC, YOUR HONOR, THAT SHOWS JUST IN THE UNITED STATES

15   ALONE, IT SHOWS THE NUMBER OF CASES THAT ARE BEING INVESTIGATED

16   WHERE HIS DAUGHTER'S IMAGES HAVE BEEN DISCOVERED.  AND WHAT IS

17   MOST REMARKABLE ABOUT THIS GRAPHIC, YOUR HONOR, IS THAT THESE

18   CASES HAVE ONLY BEEN LOGGED BETWEEN JUNE 2008 AND NOVEMBER

19   2008.  THAT IS THEY ONLY BEGIN LOGGING INVESTIGATIONS WHEN THE

20   CHILD BECOMES KNOWN.

21           AGENT YODER IS THE SPECIAL WHO IS NOW GOING TO BE

22   ASSIGNED TO TESTIFY ABOUT THESE IMAGES SHOULD THEY ARISE IN ANY

23   OF THESE CASES IF THESE CASES GO TO TRIAL OR FOR SENTENCING

24   PURPOSES.  HE WAS IN JAPAN A FEW MONTHS AGO, YOUR HONOR,

25   TESTIFYING BECAUSE THESE IMAGES HAVE MADE THEIR WAY THERE AS

1  WELL.

2          THIS CHILD KNOWS THAT THESE IMAGES HAVE BEEN SHARED

3  THROUGHOUT THE INTERNET.  SHE SAID SO IN HER STATEMENTS AND THE

4  DEFENDANT ADMITTED HE HAS SHOWN THEM TO HER.  SHE IS WELL AWARE

5  THAT THE DEFENDANT WAS SHARING HER IMAGES WITH OTHERS, AND IN

6  FACT SHE WAS WELL AWARE THAT HE USED THE KNIFE TO SATISFY THE

7  SEXUAL DESIRES OF OTHERS WATCHING.  SHE SPECIFICALLY SAID THAT

8  IN HER INTERVIEW.

9          THE CHILD IS NEVER GOING TO BE ABLE TO GET THOSE

10  IMAGES BACK.  WE SEE, AS I SAID IN MY SENTENCING MEMO, IMAGES

11  THAT CREATED DECADES AGO STILL BEING TRADED AND ADVERSELY

12  SOUGHT BY THOSE WHO COLLECT THESE KIND OF IMAGES.  AS YOU KNOW

13  FROM THE PLEA AND FROM THE GOVERNMENT'S SENTENCING MEMORANDUM,

14  THESE IMAGES WERE FIRST SEEN, AND THEY ARE NOT ON THIS CHART,

15  WERE SEEN IN AUSTRALIA IN 2006.  THAT IS HOW FAR THE

16  DEFENDANT'S DEPRAVITY HAS TAKEN THIS POOR CHILD'S SEXUAL ABUSE,

17  ALL ACROSS THE WORLD LITERALLY.  THESE ARE THINGS SHE WILL HAVE

18  TO LIVE WITH THE REST OF HER LIFE.  IF SHE LIVES TO 80, SHE

19  WILL SUFFER THE CONSEQUENCES OF WHAT HE HAS DONE.

20          HE SAYS THAT HIS ATTEMPTS TO AID THE GOVERNMENT IN

21  FINDING CHILD PORNOGRAPHY TRAFFICKERS SHOULD ALLOW HIM A LOWER

22  SENTENCE THAN THE 70 YEARS AND MAKE A LOWER SENTENCE REASONABLE

23  FOR HIM.  WELL, YOUR HONOR, HE DID NOT AID THE GOVERNMENT IN

24  INVESTIGATING ANY CHILD PORNOGRAPHY TRAFFICKERS.

25          IT IS TRUE THE GOVERNMENT ENGAGED IN A LENGTHY

1   DEBRIEFING SESSION WITH THE DEFENDANT IN WHICH HE TALKED MOSTLY

2   ABOUT THIS CASE AND HIS ACTIONS IN THIS CASE.  HE HAD NO NAMES.

3   HE HAD NO EMAIL ADDRESSES.  HE HAD NO WAY FOR THE GOVERNMENT TO

4   FIND A SINGLE PERSON, A SINGLE REAL PERSON THAT MIGHT HAVE BEEN

5   TRAFFICKING IN THESE IMAGES.  HIS ATTEMPTS TO DEBRIEF, I WOULD

6   ARGUE, WERE MERELY A CYNICAL PLOY SO HE COULD STAND HERE AND

7   TELL THE COURT THAT HE HAS TRIED TO AID THE GOVERNMENT SO HE

8   CAN TRY TO GET A LOWER SENTENCE.

9           IN THE GOVERNMENT'S OPINION, YOUR HONOR, IN THIS

10  CASE, THE DEFENDANT -- BECAUSE OF THE 3553 FACTORS, THERE ARE A

11  LOT OF THINGS FOR THE COURT TO CONSIDER IN THIS CASE.

12  MR. DODGE ARGUES IN HIS SENTENCING MEMORANDUM THAT THE

13  DEFENDANT'S HISTORY IS HONORABLE.  HE ACTUALLY SAYS THAT IN HIS

14  SENTENCING MEMORANDUM.  BECAUSE THERE ARE NO PRIOR ARRESTS, THE

15  DEFENDANT'S HISTORY IS HONORABLE.  WHAT IS HONORABLE ABOUT

16  SEXUALLY ASSAULTING A CHILD CALLING HER VILE NAMES AND SHARING

17  THAT OVER THE INTERNET FOR FOUR YEARS?  WHAT IS HONORABLE ABOUT

18  ASSAULTING A CHILD WITH JUST YOUR TENNIS SHOES ON?  WHAT IS

19  HONORABLE ABOUT REJOICING

20  IN THE CHILD'S CLEAR EXPRESSIONS OF PAIN?  WHAT IS HONORABLE

21  ABOUT SPENDING YOUR TIME IN YOUR OWN MARITAL BED WITH YOUR 5,

22  6, 7, 8, AND 9-YEAR OLD DAUGHTER ASSAULTING HER?  WHAT IS

23  HONORABLE ABOUT TEACHING HER HOW TO USE HER FINGERS TO

24  MANIPULATE HERSELF SO HE CAN PUT THE CAMERA ON HER?  WHAT IS

25  HONORABLE ABOUT ANY SINGLE THING THE DEFENDANT HAS DONE WITH

1  RESPECT TO HIS DAUGHTER IN THE LAST FIVE YEARS?  NOT ONE THING.

2  AND HIS REMORSE AND HIS CLAIMS THAT THE COURT SHOULD GIVE HIM

3  CREDIT FOR NOT BEING ARRESTED ARE SOMEWHAT DISINGENUOUS,

4  CONSIDERING OVER THE LAST FIVE YEARS HE COMMITTED HOW MANY

5  DIFFERENT OFFENSES AGAINST THAT CHILD FOR WHICH HE SHOULD HAVE

6  BEEN SHACKLED IMMEDIATELY.

7          THE FACT HE WENT UNDETECTED IS WHAT IS SHOCKING HERE

8  AND IS NO TRIBUTE TO THE DEFENDANT.  IT IS A SAD COMMENTARY ON

9  OUR SOCIETY THAT THE DEFENDANT COULD DO WHAT IS IN EFFECT A

10  PUBLIC SEXUAL ASSAULT REPEATEDLY OF THIS CHILD AND AVOID

11  DETECTION FOR SO LONG.

12          FORTUNATELY, LAW ENFORCEMENT HAS NOW LEARNED TO

13  COOPERATE WITH EACH OTHER AND HAS MANY, MANY WAYS TO SHARE

14  INFORMATION ACROSS COUNTRY LINES AND THANK GOD FOR THAT.

15  BECAUSE BUT FOR THE EFFORTS OF LAW ENFORCEMENT WORLDWIDE, THIS

16  DEFENDANT WOULD STILL BE ABUSING HIS CHILD.  THAT IS WHAT IS

17  IMPORTANT TO RECALL IN THIS SENTENCING HEARING, YOUR HONOR, IS

18  THAT BUT FOR SPECIAL AGENT YODER AND THOSE LIKE HIM ACROSS THE

19  WORLD, THIS CHILD WOULD STILL BE GETTING RAPED ON A WEEKLY

20  BASIS BY THIS DEFENDANT.  THERE IS ABSOLUTELY NO SIGN TO

21  SUGGEST HE WAS STOPPING.  HE ASSAULTED HER THE DAY OF HIS

22  ARREST.

23          HE HAD DOZENS, HUNDREDS OF IMAGES OF THIS CHILD ON

24  HIS COMPUTER AND IN ADDITION HE HAD OTHER IMAGES OF OTHER

25  CHILDREN BEING SEXUALLY ASSAULTED ON HIS COMPUTER.  THERE IS

1   NOT ONE SINGLE SIGN THAT BUT FOR LAW ENFORCEMENT THIS CHILD

2   WOULD NOT STILL BE GETTING PENETRATED BY OBJECTS AND THE

3   DEFENDANT ON A WEEKLY BASIS AT LEAST.

4           THE CHILD IS GOING TO SUFFER FOR THE REST OF HER

5   LIFE.  IT SEEMS TO THE GOVERNMENT, YOUR HONOR, BASED UPON THE

6   NATURE AND CIRCUMSTANCES OF THIS OFFENSE WHICH ARE AS HEINOUS

7   AS THEY COME, SHORT OF MURDER.  AND WHAT IS SOMEWHAT DIFFERENT

8   RESPECTS THAN AT A MURDER, THE CHILD DIDN'T LOSE HER LIFE BUT

9   SHE CERTAINLY LOST HER INNOCENCE.  HOW MUCH IS THAT WORTH?  HOW

10  MANY YEARS IS THE INNOCENCE OF A CHILD WORTH?  HOW MANY YEARS

11  IS THE EMOTIONAL DAMAGE HE HAS CAUSED HER WORTH?  HOW MANY

12  YEARS OF TREATMENT WILL SHE NEED?  HOW MANY YEARS IS THAT WORTH

13  IN THE CRIMINAL JUSTICE SYSTEM?  HOW MANY IMAGES OF HER FLOAT

14  AROUND THE WORLD?  SHOULD WE DO A MATHEMATICAL CALCULATION TO

15  DETERMINE HOW MANY TIMES HE SHARED HER SEXUAL ABUSE WITH

16  OTHERS, AND PERHAPS THAT SHOULD BE THE NUMBER OF YEARS HE

17  SHOULD SPEND?

18          ALL OF THE RESEARCH, YOUR HONOR, SUGGESTS VERY

19  STRONGLY THAT THIS CHILD IS GOING TO SUFFER UNTIL THE DAY SHE

20  DIES.  IF YOU WOULD TAKE A FAIRLY NORMAL LIFE SPAN AND SAY THE

21  CHILD WILL LIVE TO 80, THAT IS 70 YEARS FROM RIGHT NOW.  THAT

22  SEEMS AN APPROPRIATE SENTENCE BECAUSE OF WHAT HE HAS DONE.

23  SIMPLY BECAUSE OF THE OFFENSE COMMITTED, 70 YEARS SEEMS A

24  REASONABLE SENTENCE.  WE HAVE MORE THAN THAT.  WE HAVE HIS OWN

25  BEHAVIOR IN SHARING THESE IMAGES ACROSS THE WORLD.  WE HAVE HIS

1  OWN ACTION CONDUCT WITH HIS OWN DAUGHTER TO CONSIDER AS WELL.

2          YOU SAW IN THE LETTER THAT THE THERAPIST SENT THAT IS

3  TREATING THE CHILD, THAT EVEN WITH CONSTANT TREATMENT AND

4  COUNSELING, THE CHILD MAY NEVER RECOVER.  SHE MAY NEVER BE ABLE

5  TO DEAL WITH WHAT THE DEFENDANT HAS DONE TO HER.  WHILE HE

6  COMES INTO COURT TODAY AND HANGS HIS HEAD, WHICH HE IS DOING

7  NOW, HANGS HIS HEAD AS IF IN SHAME, I WOULD REMIND THE COURT HE

8  SHOWED NO SHAME IN ASSAULTING THIS CHILD ON THE VIDEOS THAT

9  YOU, UNFORTUNATELY, LIKE THE GOVERNMENT AND THE INVESTIGATORS

10  IN THIS CASE HAD TO LOOK AT.  HE SHOWED NO SHAME.

11          THERE WAS NEVER ANY HESITATION WHEN HE FORCED THE

12  CHILD TO COMMIT ORAL SODOMY OF HIM.  THERE WAS NEVER ANY

13  HESITATION WHEN HE CLIMBED HIS LARGE BOTTOM A TOP THE

14  9-YEAR-OLD GIRL TO PENETRATE HER ANUS AND HER VAGINA.  HE

15  SHOWED NO SHAME.

16          HIS SHAME HERE, I WOULD ARGUE TO THE COURT, YOUR

17  HONOR, IS MERELY CONVENIENT AND IT IS MERELY BECAUSE HE HAS

18  BEEN CAUGHT.  THERE IS ABSOLUTELY NOTHING TO SHOW IN ANY WAY

19  DURING HIS TREATMENT OF THIS CHILD IN FIVE YEARS THAT THE

20  DEFENDANT HAD ANY REGRET; HAD ANY REMORSE, OR SHOWED ANY SHAME

21  FOR WHAT HE HAS DONE TO HER.  SHE WILL SUFFER EVERYDAY FOR THE

22  NEXT 70 YEARS, IF SHE DOESN'T TAKE HER OWN LIFE.  IF SHE LIVES

23  FOR 70 YEARS, SHE WILL SUFFER EVERYDAY.  IT SEEMS PARTICULARLY

24  APPROPRIATE THAT THE DEFENDANT SHOULD PAY FOR HIS CRIME FOR AS

25  LONG AS THE CHILD IS GOING TO PAY FOR HIS CRIME, BECAUSE THAT

1   IS WHAT WE HAVE HERE.  IT IS ONLY THE DEFENDANT WHO SHOULD BE

2   PAYING, UNFORTUNATELY, THE CHILD TOO MUST PAY.

3          SO I WOULD ARGUE THAT 70 YEARS IS A MORE THAN

4   REASONABLE SENTENCE IN THIS CASE.  IT IS CERTAINLY CORRECTLY

5   CALCULATED UNDER THE GUIDELINES.  GIVEN THE IMMENSE,

6   INCALCULABLE, AND INEXPLICABLE SUFFERING HE HAS FORCED ON THIS

7   CHILD, 70 YEARS IS A REASONABLE SENTENCE.

8          THANK YOU.

9          THE COURT:  MR. DODGE.

10          MR. DODGE:  THANK YOU, JUDGE.

11          JUDGE, WE DON'T ASK YOU FOR A GIFT.  WE DON'T ASK YOU

12   FOR ABSOLUTION.  EVEN UNDER MY PROPOSAL, MR. HUSKEY WOULD GET A

13   STEEP, EXTRAORDINARY LONG TERM IN A FEDERAL PRISON.  AND UPON

14   HEARING THE FACTS OF THIS CASE, IT IS HUMAN NATURE TO HAVE A

15   KNEE-JERK REACTION TO THINK LET'S GIVE THIS MAY EVERY DAY THAT

16   WE CAN IN PRISON.  WE JUST HEARD AN EXAMPLE OF THAT REACTION A

17   MOMENT AGO WHEN THE GOVERNMENT GAVE WHAT IN EFFECT WAS A

18   CLOSING ARGUMENT, BUT, OF COURSE, THE COURT IS AN IMPARTIAL

19   ARBITER ABOUT WHAT IS FAIR HERE, AND I HAVE SEEN THESE VIDEOS

20   AS WELL.  I AM A PARENT, AND I RECOGNIZE THE SHOCKING NATURE OF

21   THE CASE.

22          THERE ARE A NUMBER OF COMPELLING REASONS WHY THIS

23   COURT SHOULD SENTENCE MR. HUSKEY TO NO MORE THAN 30 YEARS IN

24   TREATING THE THREE COUNTS OF CONVICTION CONCURRENTLY RATHER

25   THAN CONSECUTIVELY.  AND I WILL NOT REPEAT MYSELF, AND I

1  APPRECIATE THE COURT READING THE SENTENCING MEMO, BUT I WANT TO

2  HIT SOME HIGHLIGHTS.

3          I BELIEVE THAT CONGRESS' FRAMEWORK SHOWS THAT EVEN

4  CONGRESS INTENDS A SENTENCE OF 30 YEARS IN A CASE SUCH AS THIS.

5  CONGRESS KNEW WHAT ITS OPTIONS WERE WHEN IT SAID THAT A PERSON

6  WHO MANUFACTURES CHILD PORNOGRAPHY AND DISTRIBUTES IT AROUND

7  THE WORLD SHALL BE SENTENCED BETWEEN 15 AND 30 YEARS.  CONGRESS

8  COULD HAVE SAID A LIFE SENTENCE WAS APPROPRIATE, AS IT DOES IN

9  MANY CRIMES, BUT IT DID NOT.

10          THERE ARE A COUPLE OF GOOD REASONS FOR THAT.  ONE IS

11  THAT THE COURT HERE NEEDS TO ADDRESS THE FEDERAL INTEREST AT

12  STAKE AND THAT IS THAT THE CREATION OF IMAGES AND USE OF THE

13  INTERNET, AND THE HARM THAT CREATES AS MS. HAKES ELOQUENTLY

14  DISCUSSED A MOMENT AGO.  AND 30 YEARS IS CERTAINLY REASONABLE

15  FOR THAT.

16          THERE IS ANOTHER FORUM WAITING OUT THERE TO DETERMINE

17  MR. HUSKEY'S FATE WHEN THIS CASE IS DONE, AND THAT IS THE STATE

18  COURT IN WALKER COUNTY.  THE STATE COURTS ARE WELL EQUIPPED,

19  VERY EXPERIENCED AT TRYING, PROSECUTING PEOPLE FOR SEXUAL ABUSE

20  CRIMES JUST SUCH AS THIS, AND IT WILL HAVE AN OPPORTUNITY WHEN

21  THIS COURT IS DONE WITH ITS SENTENCE.

22          AS I SAY IN MY SENTENCING MEMORANDUM, WHILE IT IS

23  ATTEMPTING TO WANT TO THROW THE BOOK AT MR. HUSKEY HERE FOR THE

24  ABUSE, WHAT THIS CASE IS ABOUT IS TURNING ON THE CAMERA AND

25  UPLOADING THE IMAGES ON THE INTERNET.  ABUSE IS CERTAINLY PART

1   AND PARCEL OF THAT, BUT THAT IS NOT THE CENTER OR THE FOCUS OF

2   FEDERAL JURISDICTION AS THE COURTS KNOWS BETTER THAN I.

3           MR. HUSKEY'S RESPONSIBILITY, ACCEPTANCE OF

4   RESPONSIBILITY HAS BEEN A REMARKABLE.  FROM THE MOMENT THE

5   AGENTS KNOCKED ON HIS DOOR SEVEN MONTHS AGO, HE HAS DONE

6   EVERYTHING HE CAN TO STOP THE DAMAGE, TO PREVENT THESE CRIMES

7   FROM BEING EXACERBATED.  HE IMMEDIATELY CONFESSED HIS CRIME,

8   GAVE PERMISSION TO THE AGENTS TO SEARCH HIS HOUSE, TAKE HIS

9   COMPUTER.  HE TOLD THEM THERE IS AN EXTERNAL HARD DRIVE WHERE I

10  KEEP THESE IMAGES; HERE IS THE CAMERA THAT I USED TO RECORD

11  THEM, AND YOU'VE GOT ME.

12          WHILE MS. HAKES CLAIMS HIS ACCEPTANCE IS PRO FORMA,

13  WHAT CHOICE DID HE HAVE?  HE WAS CAUGHT DEAD TO RIGHT.  THIS

14  COURT AGAIN KNOWS BETTER THAN I DO, THAT JUST BECAUSE A

15  DEFENDANT IS CAUGHT DEAD TO RIGHT DOESN'T MEAN HIS BEHAVIOR

16  AFTERWARDS IS GOING TO SHOW ACCEPTANCE OF RESPONSIBILITY AS WE

17  OFTEN SEE IN THIS COURTHOUSE.  PEOPLE DENY THEIR GUILT; THEY

18  TRY TO FLEE; THEY TRY TO RESIST ARREST; THEY TRY TO CONTACT

19  WITNESSES OR MANIPULATE THOSE WITNESSES OR THREATEN THEM; THEY

20  INSIST ON FILING EVERY PRETRIAL MOTION EVER INVENTED; THEY

21  INSIST ON GOING TO TRIAL IN THE FACE OF STEEP ODDS, AND CARRY

22  THOSE PROTRACTED APPEALS THROUGH THE COURTS FOR YEARS.

23  MR. HUSKEY DID NONE OF THOSE THINGS.  FROM DAY ONE HE HAS

24  CONCEDED WHAT HE HAS DONE AND DONE HIS BEST NOT TO MAKE IT

25  WORSE.

1          AS THE COURT KNOWS, THE SENTENCING GUIDELINES ARE NO

2     LONGER MANDATORY AND IN FACT THEY ARE NOT EVEN PRESUMPTIVELY

3     REASONABLE, AND I DISCUSS THOSE CASES IN MY BRIEF.  THE

4     ELEVENTH CIRCUIT HAS MADE CLEAR THE GUIDELINE RANGE IS NOT PER

5     SE AND NOT PRESUMPTIVELY REASONABLE AND THERE ARE CASES AND I

6     CITE SOME IN MY BRIEF WHERE THE ELEVENTH CIRCUIT HAS SAID A

7     GUIDELINE SENTENCE, A BELOW GUIDELINE SENTENCE CAN BE

8     REASONABLE IN A GIVEN CASE, AND THIS IS JUST SUCH A CASE.

9          MR. HUSKEY DID MAKE EFFORTS TO ASSIST THE GOVERNMENT

10    IN TRACKING DOWN OTHER PEOPLE WHO ARE TRAFFICKING IN

11    PORNOGRAPHY.  AND MS. HAKES DERIDES HIS INABILITY TO GIVE THEM

12    A NAME, ADDRESS, PHONE NUMBER, DATE OF BIRTH, PHOTOGRAPH OF

13    THESE OTHER MEN AND/OR WOMEN.  HE DID WHAT HE COULD.  I WAS

14    IN THAT MEETING FOR SEVERAL HOURS DOWN THE HALL, AND THE COURT

15    HAS SEEN IN THE PSR AND CAN'T BE SURPRISED TO HEAR THAT OTHER

16    PEOPLE WHO SOLICIT PORNOGRAPHY AND TRANSFER IT AROUND THE

17    COUNTRY AND AROUND THE WORLD, THEY DON'T WANT THEIR IDENTITY

18    KNOWN.  THEY HIDE THEIR IDENTITY, AND CONCEAL THEMSELVES EVEN

19    FROM THE PEOPLE THEY ARE COORDINATING WITH ON THE INTERNET.

20    AND MR. HUSKEY DID GIVE THE AGENTS TO THE EXTENT THAT HE COULD

21    THE FIRST NAME THAT HE KNEW SOMEBODY BY; A COUNTRY HE THOUGHT

22    THE PERSON LIVED IN; AND IT OBVIOUSLY WAS NOT ENOUGH TO OUR

23    GREAT REGRET.  HE COULD HAVE CHOSEN NOT TO DO THAT; HE MADE THE

24    EFFORT TO DO THAT, AND OUGHT TO BE REWARDED FOR THAT.

25          I STAND BY MY DESCRIPTION OF MR. HUSKEY'S LIFE WITH

1  THE GLARING EXCEPTION OF THESE CRIMES AS HONORABLE.  HE IS IN

2  HIS LATE THIRTIES.  HE HAS RAISED A FAMILY.  HE HAS WORKED.  HE

3  HAS AN EXTENDED FAMILY WHO IS IN COURT HERE TODAY, PARENTS,

4  AUNTS AND UNCLES, SISTER, BROTHER-IN-LAW.  ALL OF WHOM CONTINUE

5  TO SUPPORT HIM WHICH SPEAKS VERY WELL OF HIM.

6            I AM SAD TO SAY I OFTEN COME INTO COURT AT SENTENCING

7  HEARINGS WITH NO ONE BEHIND US, AND THE FACT THEY ARE STICKING

8  BY HIM THROUGH THIS EXTRAORDINARY CASE IS REMARKABLE.

9            THE COURT HAS SEEN A SUMMARY OF MR. HUSKEY'S LIFE AND

10 I WON'T REPEAT EVERYTHING IN THERE, BUT IT IS WITHOUT A DOUBT A

11 SHOCK TO EVERYONE WHO KNEW HIM, INCLUDING HIS WIFE, WHOSE

12 LETTER I THOUGHT WAS -- WELL, IT WAS CLEARLY HONEST AND FROM

13 THE HEART AND SHE IS OUTRAGED AND BAFFLED WITH VERY GOOD

14 REASON.  EVEN SHE MENTIONS IN HER LETTER THAT MR. HUSKEY HAD

15 SEEMED SO PROTECTIVE TOWARD THE KIDS AND THE ADULTS AT THE REC

16 CENTER WHERE HE TAUGHT TENNIS; THAT HE STOOD IN CHURCH; HE

17 HELPED CHILDREN'S BIBLE LESSONS; AND WAS FOR ALL INTENTS AND

18 PURPOSES APPEARED TO BE AN HONORABLE MAN BUT FOR WHAT WE NOW

19 KNOW IS THIS HORRIBLE CRIME.

20            WITH ALL OF THAT SAID, JUDGE, A CONCURRENT SENTENCE

21 ON EACH OF THESE THREE IS THE REASONABLE AND APPROPRIATE

22 SENTENCE.  THE GOVERNMENT IS ASKING FOR EVERY DAY IT CAN GET

23 BUT, OF COURSE, THE COURT IS IMPARTIAL AND IT IS UP TO THE

24 COURT MORE THAN ANY OF US TO DECIDE WHAT IS REASONABLE.  I

25 CANNOT PINPOINT A SPECIFIC NUMBER OF YEARS.  THAT IS BEYOND MY

1  ABILITY, JUDGE, BUT I DO KNOW THAT 30 YEARS AT THE HIGH END IS

2  CERTAINLY MORE THAN ENOUGH.

3          THE COURT:  MR. HUSKEY, YOU WANT TO SAY ANYTHING?

4          THE DEFENDANT:  NO, SIR.

5          MR. DODGE:  MR. HUSKEY, JUDGE, HAS ASKED ME TO JUST

6  SPEAK ON HIS BEHALF AND LET THE COURT DO AS IT WILL.

7          THE COURT:  ALL RIGHT.

8          ALL RIGHT.  COUNSEL, IF YOU AND MR. HUSKEY WILL STEP

9  UP HERE TO THE PODIUM.  TWO OBSERVATIONS I WOULD LIKE TO MAKE.

10 ONE IS, OBVIOUSLY THE INVESTIGATING OFFICERS DID AN OUTSTANDING

11 JOB IN THIS CASE.  AND I FEEL FOR YOU, MR. DODGE, TO BE HONEST

12 WITH YOU.  I THINK YOU HAVE DONE THE BEST YOU CAN WITH WHAT YOU

13 HAD.

14         I HAVE BEEN ON THE BENCH AS A TRIAL JUDGE FORTY YEARS

15 IN JANUARY, AND I HAVE HAD -- SIX YEARS BEFORE THAT AS DISTRICT

16 ATTORNEY AND I HAD ONE OTHER CASE THAT I WOULD SAY WAS PROBABLY

17 WORSE THAN THIS ONE TO BE HONEST WITH YOU.  AND THE FELLOW GOT

18 THE DEATH PENALTY IN IT THAT UNFORTUNATELY FELL BY SOME

19 DECISIONS OF THE SUPREME COURT WHICH SET ASIDE THE DEATH

20 PENALTY, FURMAN VS. GEORGIA.

21         ANYWAY, IN THIS CASE, I HAVE LOOKED AT IT HARD AND

22 LONG.  PROBATION DID A GOOD JOB IN GETTING UP THE REPORT.  IN

23 THIS CASE, THE DEFENDANT IS CHARGED IN COUNT ONE WITH

24 MANUFACTURING CHILD PORNOGRAPHY; COUNTS TWO AND THREE CHARGED

25 WITH -- IN TWO WITH RECEIPT OF CHILD PORNOGRAPHY AND

1   DISTRIBUTION IN COUNT THREE OF CHILD PORNOGRAPHY AND A PLEA OF

2   GUILTY WAS ENTERED IN NOVEMBER IN THIS CASE.

3            STATUTORY PENALTY PROVIDED FOR THIS IN COUNT ONE IS

4   15 TO 30 YEARS; $250,000 FINE; COUNT TWO, 5 TO 20 YEARS; COUNT

5   THREE IS 5 TO 20 YEARS AND $250,000 ON EACH.

6            THE TOTAL OFFENSE LEVEL THAT HAS BEEN CALCULATED IS

7   45.

8            THE CRIMINAL HISTORY CATEGORY IS ONE.

9            THE GUIDELINE RANGE IS 840 MONTHS.

10           THE GUIDELINE RANGE REALLY IS LIFE IMPRISONMENT, BUT

11  THE STATUTORY PROVISIONS IN THIS CASE DO NOT CARRY A MAXIMUM

12  TERM OF LIFE IMPRISONMENT AND THE TOTAL PUNISHMENT IS 840

13  MONTHS.

14           FINE GUIDELINE RANGE IS NOT MATERIAL.

15           RESTITUTION IS $12,026.02.

16           SPECIAL ASSESSMENT $300.

17           COST OF CONFINEMENT AND SUPERVISION IS REALLY NOT

18  APPLICABLE IN THIS CASE.

19           PROBATION IS NOT AN OPTION.

20           SUPERVISED RELEASE NOT LESS THAN 5 YEARS, NO MORE

21  THAN LIFE.

22           ALL RIGHT.  PURSUANT TO THE SENTENCING REFORM ACT OF

23  1984, IT IS THE JUDGMENT OF THE COURT THAT THE DEFENDANT, JAMES

24  B. HUSKEY, IS HEREBY COMMITTED TO THE CUSTODY OF THE BUREAU OF

25  PRISONS TO BE IMPRISONED FOR A TERM OF 360 MONTHS ON COUNT ONE;

1   240 MONTHS ON COUNT TWO TO BE SERVED CONSECUTIVE TO COUNT ONE;

2   240 MONTHS ON COUNT THREE TO BE SERVED CONSECUTIVE TO COUNTS

3   ONE AND TWO, WHICH MAKES A TOTAL SENTENCE OF 840 MONTHS.

4           DEFENDANT IS FURTHER ORDERED TO PAY A SPECIAL

5   ASSESSMENT TO THE UNITED STATES IN THE SUM OF $300.  IT IS

6   FURTHER ORDERED, THE DEFENDANT MAKE RESTITUTION TO SHERRI

7   JACKSON ON BEHALF OF THE MINOR VICTIM IN THE AMOUNT OF

8   $12,026.02.  RESTITUTION IS DUE IMMEDIATELY.

9           THE COURT FINDS THE DEFENDANT DOES NOT HAVE THE

10  ABILITY TO PAY A FINE, COST OF INCARCERATION, OR SUPERVISION.

11  THE COURT WILL WAIVE THE FINE, COST OF INCARCERATION, AND COST

12  OF SUPERVISION.

13          IF THE DEFENDANT IS RELEASED FROM IMPRISONMENT, HE

14  SHALL BE PLACED ON SUPERVISED RELEASE FOR THE REMAINDER OF HIS

15  NATURAL LIFE ON EACH OF COUNTS ONE, TWO, AND THREE AND SHALL

16  WITHIN 72 HOURS OF RELEASE FROM CUSTODY OF THE BUREAU OF

17  PRISONS REPORT IN PERSON TO THE PROBATION OFFICE IN THE

18  DISTRICT TO WHICH HE SHALL HAVE BEEN RELEASED.

19          WHILE ON SUPERVISED RELEASE, THE DEFENDANT SHALL NOT

20  COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME.  SHALL COMPLY

21  WITH THE STANDARD CONDITIONS THAT HAVE BEEN ADOPTED BY THIS

22  COURT, AND SHALL COMPLY WITH THE FOLLOWING ADDITIONAL

23  CONDITIONS.

24          THE DEFENDANT SHALL NOT OWN, POSSESS, OR HAVE UNDER

25  HIS CONTROL ANY FIREARM, DANGEROUS WEAPON, OR OTHER DESTRUCTIVE

1   DEVICE.

2              ACCORDING TO UNITED STATES LAW SET OUT IN TITLE 18,

3   UNITED STATES CODE, SECTION 3583(D) THE DEFENDANT SHALL SUBMIT

4   HIS PERSON AND ANY PROPERTY, HOUSE, RESIDENCE, VEHICLE, PAPERS,

5   COMPUTER OR OTHER ELECTRONIC COMMUNICATION OR DATA STORAGE

6   DEVICES OR MEDIA IN EFFECT TO A SEARCH AT ANY TIME WITH OR

7   WITHOUT A WARRANT BY ANY LAW ENFORCEMENT OR PROBATION OFFICER

8   WITH REASONABLE SUSPICION CONCERNING A VIOLATION OF A CONDITION

9   OF PROBATION OR UNLAWFUL CONDUCT BY THE PERSON AND BY ANY

10  PROBATION OFFICER IN THE LAWFUL DISCHARGE OF THAT SUPERVISION

11  FUNCTION -- OF HIS SUPERVISION FUNCTION.

12             THE DEFENDANT SHALL PERMIT CONFISCATION AND DISPOSAL

13  OF ANY MATERIAL CONSIDERED CONTRABAND OR ANY OTHER ITEM WHICH

14  MAY BE DEEMED TO HAVE EVIDENTIARY VALUE RELATED TO THE

15  VIOLATION OF SUPERVISION.

16             PURSUANT TO UNITED STATES CODE, TITLE 42, SECTION

17  14135(A)(D)(1), AND 10 UNITED STATES CODE, SECTION 1565(D)

18  WHICH REQUIRES MANDATORY DNA TESTING FOR FEDERAL OFFENDERS

19  CONVICTED OF FELONY OFFENSES.

20             THE DEFENDANT SHALL COOPERATE IN THE COLLECTION OF

21  DNA AS DIRECTED BY THE PROBATION OFFICE.

22             AFTER -- IF THE DEFENDANT ENTERS UPON SUPERVISED

23  RELEASE, HE SHALL MAKE REGULAR MONTHLY PAYMENTS TOWARD ANY

24  OUTSTANDING RESTITUTION AT A RATE TO BE SET IN ACCORDANCE WITH

25  COURT APPROVED PAYMENT SCHEDULE, BUT IN NO EVENT LESS THAN $200

1  MONTHLY.

2           THE DEFENDANT SHALL MAKE A FULL AND COMPLETE

3  DISCLOSURE OF FINANCES, AND SUBMIT TO AN AUDIT OF FINANCIAL

4  DOCUMENTS AT THE REQUEST OF THE UNITED STATES PROBATION OFFICE

5  UNTIL THE RESTITUTION IS PAID IN FULL.

6           I HAVE CONSIDERED SECTION 3553 IN THIS MATTER AND ALL

7  OF ITS PARTS.  I THINK CERTAINLY THE PUNISHMENT IS ADEQUATE OR

8  I HOPE IT IS.  THERE IS A NEED TO INCAPACITATE THIS DEFENDANT

9  AND TO PREVENT ANY FUTURE CRIMINAL ACTIVITY ON HIS PART.

10          I HAVE CONSIDERED THE SERIOUS NATURE OF THE

11  DEFENDANT'S OFFENSES AND THE VIOLENT NATURE OF THE DEFENDANT

12  OFFENSES.  I HAVE CONSIDERED THE LENGTH OF TIME OVER WHICH THE

13  ABUSE HAPPENED.  I HAVE CONSIDERED THE AGE OF THE VICTIM WHEN

14  THE ABUSE STARTED.  I HAVE CONSIDERED THAT THERE WAS A SHARING

15  OF INFORMATION BY THE INTERNET WITH OTHER PEOPLE AND OTHER

16  SEXUAL PREDATORS.  I HAVE CONSIDERED THERE WAS A CONSIDERABLE

17  COLLECTION OF DIGITAL IMAGES.  I DON'T REMEMBER THE EXACT

18  NUMBER.  I BELIEVE THAT THIS LENGTH OF SENTENCE WHILE I

19  ACKNOWLEDGE AND I DON'T HAVE ANY QUALMS THE FACT THIS IN EFFECT

20  APPEARS TO BE A LIFE SENTENCE, NO QUESTION ABOUT IT, THAT THE

21  PUBLIC NEEDS TO BE PROTECTED FROM MR. HUSKEY.

22          MR. HUSKEY, YOU HAVE A RIGHT TO APPEAL THE CAUSE MADE

23  AGAINST YOU, AND YOU HAVE A RIGHT TO APPEAL MY SENTENCE AND

24  MR. DODGE OR SOMEONE IN HIS OFFICE WILL REPRESENT YOU ON ANY

25  APPEAL, IF YOU DECIDE TO APPEAL.

1            NOW, MR. DODGE, YOU HAVE OTHER THAN WHAT YOU SAID ANY

2    OBJECTIONS TO THE SENTENCE?

3            MR. DODGE:  FOR THE RECORD, JUDGE, I OBJECT THAT THE

4    SENTENCE IS NOT REASONABLE SUBSTANTIVELY AND PROCEDURALLY, AND

5    I ALSO OBJECT THAT IT VIOLATES THE CRUEL AND UNUSUAL PUNISHMENT

6    PROHIBITION IN THE CONSTITUTION.

7            THE COURT:  ALL RIGHT.  WILL YOU HANDLE THE APPEAL,

8    OR SOMEONE ELSE?

9            MR. DODGE:  YES, JUDGE, I WILL BE GLAD TO DO IT.

10           THE COURT:  GOOD ENOUGH.  ALL RIGHT.  MARSHAL, YOU

11   CAN TAKE THE DEFENDANT.

12           ALL RIGHT.  THANK YOU KINDLY.

13           MR. DODGE: THANK YOU, JUDGE.

14           THE COURT:  COURT WILL BE IN RECESS.

15                      (RECESS TAKEN)

16                         - - -

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T E

2

3    UNITED STATES OF AMERICA

4    NORTHERN DISTRICT OF GEORGIA

5            I, KIMBERLY C. BRAMLETT, OFFICIAL COURT REPORTER OF

6    THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

7    GEORGIA, DO HEREBY CERTIFY THAT THE FOREGOING 24 PAGES

8    CONSTITUTE A TRUE TRANSCRIPT OF PROCEEDINGS HAD BEFORE THE SAID

9    COURT, HELD IN THE CITY OF ROME, GEORGIA, IN THE MATTER THEREIN

10   STATED.

11           IN TESTIMONY WHEREOF, I HEREUNTO SET MY HAND ON THIS,

12   THE 23RD DAY OF MARCH, 2009.

13

14

15                        _____

16                        KIMBERLY C. BRAMLETT
                          OFFICIAL COURT REPORTER
17                        NORTHERN DISTRICT OF GEORGIA

18

19

20

21

22

23

24

25