# United States Court of Appeals
For the Eleventh Circuit

No. 09-11197

District Court Docket No.
08-00033-CR-RLV-4

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct 20, 2009
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

JAMES BARTHOLOMEW HUSKEY,

    Defendant-Appellant.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Northern District of Georgia

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
NOV 1 8 2009
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:   October 20, 2009
For the Court:   Thomas K. Kahn, Clerk
By:   Gilman, Nancy

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 20, 2009
THOMAS K. KAHN
CLERK

No. 09-11197
Non-Argument Calendar

D. C. Docket No. 08-00033-CR-RLV-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES BARTHOLOMEW HUSKEY,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Georgia

(October 20, 2009)

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

James Bartholomew Huskey appeals his sentence of 840 months of

imprisonment following his pleas of guilty to knowingly manufacturing child pornography, knowingly distributing child pornography in interstate commerce, and knowingly receiving child pornography in interstate commerce. 18 U.S.C. §§ 2251(a), 2252A(a)(2)(A), 2256(8)(A). Huskey argues that his sentence is unreasonable. We affirm.

The presentence investigation report detailed Huskey's crimes, which are heinous and despicable. The report stated that Huskey had sexually abused his daughter between the ages of six and nine by subjecting her to anal and oral sodomy and vaginal sex. Photographs and videotapes established that, over time, Huskey's abuse became more violent and that he had pressed a knife to his daughter's face, neck, and genitals, and she had appeared "distressed" in the encounters. Huskey admitted to federal agents that he had penetrated his daughter with objects to condition her for vaginal sex and that the molestation had become more violent over time. Huskey also admitted that he had photographed and videotaped the abuse to trade for other child pornography. Huskey's daughter told federal agents that she knew the abuse had been recorded and distributed on the internet because Huskey had shown her pictures and videos.

The presentence report listed a base offense level of 32. The report increased that level by 14 points for Huskey's involvement as a parent, his

daughter's age, his use of violence, his distribution of the child pornography, and the sadistic conduct portrayed, and the report reduced the level by 3 points for Huskey's acceptance of responsibility and timely plea of guilt.  With a criminal history of I, the report listed an advisory guidelines sentence of life imprisonment.  Because that term exceeded the maximum statutory sentences of 360 months for manufacturing child pornography and 240 months for distribution and receipt of child pornography, the Sentencing Guidelines provided that the statutory sentences run consecutively.  United States Sentencing Guidelines § 5G1.1(d) (Nov. 2008).

At the sentencing hearing, Huskey asked the district court to order that his sentences run concurrently for a term of 30 years of imprisonment.  The district court, after "hav[ing] looked at [Huskey's case] hard and long," sentenced Huskey to 840 months of imprisonment, which the court "acknowledge[d] and [didn't] have any qualms" that was "in effect . . . a life sentence."  The court stated that it had "considered Section 3553 in this matter and all of its parts" and found "a need to incapacitate this defendant and to prevent any further criminal activity on his part" and "that the public need[ed] to be protected from Huskey."  The court explained that Huskey's sentence was based on "the serious" and "violent nature of [Huskey's] offenses," the length of the sexual abuse, the age of the victim, the distribution of the pornography, and Huskey's "collection of digital images."

We review the reasonableness of a criminal sentence for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 594, 596–97 (2007); United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008). Because the standard is deferential, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). After [United States v.] Booker, [543 U.S. 220, 125 S. Ct. 738 (2005)], our ordinary expectation still has to be measured against the record, and the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id.

Huskey argues that his sentence is unreasonable because the district court applied perfunctorily the Sentencing Guidelines and failed to consider the sentencing factors, but we disagree. Although Booker rendered the Guidelines advisory, it did not give district courts the unfettered discretion to ignore them. On the contrary, district courts remain obliged to "consult" the Guidelines and apply them if the circumstances warrant. See United States v. Sarris, 575 F.3d 1191, 1220 (11th Cir. 2009). Huskey argues for concurrent sentences on the ground that "manufacturing child pornography necessarily presumes the eventual distribution of that pornography," but he acknowledges that "[i]t is not legally required that the

4

sentences merge."

Huskey's sentence is reasonable. The district court considered the section 3553(a) factors and found that a sentence of 840 months was necessary to deter Huskey from future similar conduct, protect the public, reflect the seriousness of his offenses, promote respect for the law, and provide a just punishment. Huskey perpetrated sadistic acts on his young and impressionable daughter, forced her to recount those events, and traded images of the abuse to amass more obscene materials to satisfy his sexual appetite. The district court reasonably found that a term that was "in effect . . . a life sentence" was necessary to punish Huskey and prevent him from inflicting similar abuses on other children. The district court did not abuse its discretion by imposing consecutive sentences.

Huskey's sentence is **AFFIRMED.**

5

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: 
Deputy Clerk
Atlanta, Georgia